**FILED
CLERK**

1:57 pm, Feb 28, 2018

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------X

784 8TH STREET CORP. *doing business as*
Zan's Kosher Delicatessen & Restaurant,
PASQUALE RUGGIERO,

                Plaintiff(s),

      -against-

DENISE RUGGIERO,

                Defendant(s).

----------------------------------------------------------X

**ADOPTION ORDER**
2:13-cv-05739 (ADS) (GRB)

**APPEARANCES:**

**Bracken Margolin Besunder LLP**
*Attorneys for the Plaintiffs*
1050 Old Nichols Road
Suite 200
Islandia, NY 11749
       By:    John P. Bracken, Esq.,
                 Alison Jaye Arden Besunder, Esq.,
                 Harvey Bruce Besunder, Esq.,
                 David M. Sobotkin, Esq.,
                 Zachary David Dubey, Esq., Of Counsel

**Denise Ruggiero**
*Pro Se Defendant*

**SPATT, District Judge**:

        The Plaintiffs 784 8th Street Corp. and Pasquale Ruggiero (the "Plaintiffs") commenced this action against the Defendant Denise Ruggiero (the "Defendant") alleging infringement of their registered and unregistered trademarks and copyrights.

        Presently before the Court are the Defendant's objections to Magistrate Judge Gary R. Brown's January 10, 2018 Report and Recommendation (the "R&R"). Judge Brown recommended that the Court: grant the Plaintiffs' motion for summary judgment on their first

1

and second causes of action; deny the Defendant's motion for summary judgment; and dismiss the Defendant's counterclaims.

For the following reasons, the R&R is adopted in its entirety.

## I. BACKGROUND

### A. The Relevant Facts

The following facts were found by Magistrate Judge Brown. The Court will only discuss those facts to which the Defendant did not object.

This action arises out of a long lasting controversy between the parties over the rights to the name and logo of Zan's Kosher Delicatessen and Restaurant ("Zan's"). Zan's is a full-service kosher delicatessen restaurant and catering service. Pasquale Ruggiero, who is the Defendant's uncle, and Anthony Ruggiero, the Defendant's father, established Zan's in 2004. The brothers were equal partners in the business.

Prior to 2004, Pasquale Ruggiero owned Ben's Kosher Deli ("Ben's"). As a result of litigation between the partners of Ben's, Pasquale and Anthony Ruggiero (the "Ruggiero brothers") changed the name of Ben's to Zan's. Once they changed the name, the Ruggiero brothers used the same advertising and marketing materials that Ben's had used for many years. They slightly altered the font, color, and underlining of the Ben's logo, and added caricatures of the Ruggiero brothers to the Zan's logo. They uploaded the Zan's materials to a website, www.zansdeli.com.

The Defendant, along with other family members, played a part in helping to create the logo and materials. The focus of the R&R, as well as the Defendant's objections, is whether the Defendant was employed by the Plaintiffs when she helped to create the logo and materials.

**B. The Relevant Procedural History**

On October 18, 2013, the Plaintiffs filed their complaint. The complaint alleges claims for false copyright filing under 15 U.S.C. § 506(e); common law trademark infringement; false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a); common law unfair competition; defamation; and tortious interference with business relations. The Plaintiffs seek damages; a declaratory judgment stating that the Plaintiffs have the sole rights to the Zan's Works and the Zan's Logo; and a permanent injunction enjoining the Defendant from using the Zan's materials.

On July 5, 2017, the Defendant filed a motion styled as a motion to dismiss.

On September 25, 2017, the Court referred the Defendant's motion to Judge Brown.

On October 16, 2017, in light of the nature of the filing and of the Defendant's *pro se* status, Judge Brown construed the Defendant's July 5, 2017 motion as a motion for summary judgment pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 56, and provided the parties with notice of the same.

On November 17, 2017, the Plaintiffs filed a cross-motion for summary judgment pursuant to Rule 56. The Plaintiffs served the Defendant with the notice required when moving for summary judgment against a pro se party. *See generally McPherson v. Coombe*, 174 F.3d 276, 282 (2d Cir. 1999). That is, the Plaintiffs informed the Defendant that her counterclaims could be dismissed, and the Plaintiffs claims granted, without a trial; that she would have to submit evidence; and that her evidence would have to be supported by affidavits.

On January 10, 2018, Judge Brown issued the R&R. The Defendant filed her objections on February 1, 2018 after obtaining an extension of time to file them from the Court. The Court notes that her objections were left unattended in a package in the Long Island Courthouse, and

3

were discovered one day after her deadline. Nevertheless, the Court has accepted her objections and will consider them.

## C. The R&R

The R&R found that although the Defendant played a part in designing the Zan's logo and materials, the Plaintiffs owned the Zan's logo and materials because she worked for them during the relevant period.

The R&R engaged in a lengthy analysis of the parties' respective positions and evidence concerning whether the Defendant worked for the Plaintiffs and was paid by the Plaintiffs. In finding that the Defendant was employed by Zan's, the R&R relied on two facts: namely, that the Defendant submitted a sworn affidavit to the Supreme Court of the State of New York, Suffolk County in 2012 in which she stated that she had been employed at Zan's since 2004; and that "no rational trier of fact could conclude that the defendant was creating the Zan's materials for her own 'business' . . . , as by definition, a consumer responding to these advertisements would . . . be directing business to the plaintiffs." (R&R at 10). Further, the Court noted that the Defendant never submitted a sworn statement denying that she was employed by Zan's. Finally, the Plaintiffs submitted evidence supporting their contention that the Defendant was employed by Zan's in the form of health insurance records; receipt of payment from the business; and numerous sworn affidavits.

Based on that finding, the R&R found that the Zan's name, logo and materials belonged to the Plaintiffs, and that the Defendant's copyright and trademark registrations are invalid. It therefore recommended that the Plaintiffs' motion for summary judgment be granted as to their claims for false copyright filing and declaratory judgment; and that the Defendant's motion for summary judgment be denied, and her counterclaims dismissed.

4

**D. The Defendant's Objections**

The Defendant's objections total sixty-one (61) pages. However, many of those pages appear to be photocopies of other pages, and many of the pages discuss facts that are not relevant here, including the valuation of Zan's. Furthermore, the Defendant spends many pages arguing that she created the Zan's logo and materials. However, as noted above, the R&R found that she did help to create the materials. Therefore, the Defendant's sole objection appears to be that the R&R erred in finding that she was an employee of Zan's.

The Defendant contends that any health plan she received was part of a family plan; that she never received a check; there was never any written agreement concerning her employment; and that she chose her words poorly in her 2012 sworn statement.

Along with her objections, the Defendant provided three years of tax returns—from 2004 through 2006. The Defendant's tax returns show that in 2004 she was paid by "Alexander Avenue" and Shari-Nel," which were, respectively, 784 8th Street Corp's corporate predecessor, (*see* Decl. of Harvey Besunder, ¶ 15; Pl.'s Ex. L), and one of the companies that operated Zan's, (*see* Decl. of Harvey Besunder, ¶ 17; Defs.' Ex. O); and in 2005 and 2006, she was paid by 784 8th Street Corp. Notably, the Defendant did not provide an affidavit attesting to the authenticity of the tax returns; and did not refer to the tax returns in her objections. In a reply letter, the Defendant stated that they were her tax returns, but that they show that she was not an employee of those corporations.

**E. The Plaintiffs' Response**

The Plaintiffs noted that the Defendant's objections were not sworn, and they otherwise relied on their arguments contained in their initial memorandum of law in support of their motion. The Plaintiffs chose the latter course because they believe that the Defendant's

5

objections were addressed in their moving papers, as well as in the R&R. In a reply letter, the Plaintiffs noted that the Defendant's tax returns supported the R&R.

## II. DISCUSSION

### A. The Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." FED. R. CIV. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C). A district court must conduct a *de novo* review of those portions of the R&R or specified proposed findings or recommendations to which timely and proper objections are made. 28 U.S.C. § 636(b)(1)(C); *see also* FED. R. CIV. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Lewis v. Zon,* 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith,* 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

In addition, "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.,* No. 07–CV–6865, 2008 WL 4810043, at *1 (S.D.N.Y. Oct. 31, 2008); *see also Toth v. N.Y. City Dep't of Educ.*, No. 14CV3776SLTJO, 2017 WL 78483, at *7 (E.D.N.Y. Jan. 9, 2017) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory

6

responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." (quoting *Ortiz v. Barkley,* 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008))). "The goal of the federal statute providing for the assignment of cases to magistrates is to increase the overall efficiency of the federal judiciary." *McCarthy v. Manson,* 554 F. Supp. 1275, 1286 (D. Conn. 1982), *aff'd*, 714 F.2d 234 (2d Cir. 1983) (quoting *Nettles v. Wainwright,* 677 F.2d 404, 410 (Former 5th Cir. 1982) (*en banc*)) (footnote omitted). "There is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge." *Toth*, 2017 WL 78483, at *7 (quoting *Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan,* 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

**B. Application to the Defendant's Objections**

The only argument raised by the Defendant that was not contained in her submissions to Judge Brown is that she did not carefully choose her words when she swore in an affidavit that she had been an employee of Zan's since 2004. Reviewing *de novo* the portion of the R&R that dealt with whether the Defendant was an employee of Zan's during the relevant period, the Court finds, as the R&R did, that the Defendant was an employee of Zan's.

The Defendant states that she "used the word [']employed['] to attach [her]self to [her] family's business after being [] locked out by the plaintiff . . . ." (Def.'s Objections to R&R at 11). She further stated "I am not a lawyer. My words were not selected [] carefully. I used the word [']employed['] because I was in the midst of a business partnership with the plaintiff. The partnership was not on of a traditional employee relationship. The arrangement was that I would sell [m]eals with the Zan's logo that I had created to different account, 784 8th Street Corp. would supply the food and I would solicit, contract accounts, manage them, and pay 784 8th Street a percentage of my sales." (Def.'s Objections to R&R at 18).

7

First, the Court notes, just as the R&R did, that the Defendant did not file any sworn affidavit in support of her objection. Of note, she did not file any statement in which she swore that she was *not* an employee of Zan's. The Defendant received sufficient notice that any assertions would have to be supported by an affidavit. The Defendant did supply affidavits from other individuals such as Steven Albanese, an accountant; and Fran Passarella, her former roommate, showing that she understands what is required in an affidavit.

In contrast, there is sworn testimony from the Defendant that she was an employee of Zan's. (May 23, 2016 Dep. of Def. at 62 ("Q: [] [W]ere you ever employed at Zan's? A: From time to time."), 68 ("Q: At any time did you answer phones at Zan's Restaurant? A: It's possible."), 69 ("Q: Did you ever act as a hostess at Zan's? A: It's possible."), 71 ("Q: Did you ever open the restaurant . . . ? . . . A: It's possible."), 72–73 ("Q: Were there times when you closed the restaurant? A: There were times when I locked the door, correct."); Aff. of Def. dated Nov. 30, 2012 (Pls.' Ex. E) ¶ 6 ("I have been employed at Zan's since its inception in 2004. During that period of time, I was solely responsible for creating the Zan's brand . . . , creating and designing the Zan's logo and slogan . . . ; I created and designed the dining room menu, the catering menus . . . and I was responsible for creating all holiday advertisements, promotions, coupons, etc."), ¶ 7 ("Essentially, I built the Zan's brand name, and worked tirelessly to grow and maintain its customer base through in-store marketing and outside promotional opportunities. I was also responsible for closing Zan's on Tuesday evenings, . . . and I was responsible for locking up and otherwise securing the restaurant.")).

The Defendant's 2012 affidavit also explains that she did not create New York Kosher until 2012, and that was when she began operating as a wholesaler and vendor. While the

8

Defendant argues that she created the Zan's logo in return for Zan's giving New York Kosher some of its business, there is no evidence that New York Kosher existed in 2004 or 2005.

The Defendant's mother, Nilvia Ruggiero, also stated in a verified complaint signed on November 30, 2012, that the Defendant " was an employee and the 'brand manager' of Zan's since in or about 2004 . . . ." (Pls.' Ex. F), verifying what the Defendant said in her affidavit.

The Plaintiffs also submitted affidavits from twelve different individuals, including Pasquale Ruggiero, who all attested that the Defendant worked for Zan's during the relevant time; the Defendant's payroll records from 784 8th Street Corp. from 2005 through 2010; and insurance records showing that the Defendant was covered by corporations that operated Zan's.

As stated above, the Defendant submitted her tax returns from 2004 through 2006. While the Defendant argues that the tax returns show that she was not an employee of 784 8th Street or its corporate predecessors, the tax returns show precisely that. Her 2004 wage schedule worksheet lists Alexander Avenue and Shari-Nel as her employers; her 2005 W-2 summary page and wage schedule worksheet both list 784 8th Street Corp. as her employer; and her 2006 W-2 summary page and wage schedule worksheet both list 784 8th Street Corp. as her employer.

However, the Defendant did not submit an affidavit attesting to the authenticity of the documents; and the documents are not self-authenticating. Of course, if the tax returns were admissible, they would be conclusive evidence that the Defendant worked for Zan's from 2004 through 2006. In fact, they support the Defendant's sworn statements regarding her employment during that time period, as well as the sworn statements of other individuals. Regrettably, the Court is unable to consider them, but nevertheless finds that the Defendant was an employee of Zan's when she helped to create the Zan's name, logo, and materials based on the above evidence.

9

Furthermore, the Court agrees with the R&R that no rational juror could find that the Defendant created the Zan's name, logo and materials for any business other than Zan's. The Zan's materials direct consumers to Zan's, not to any other deli such as New York Kosher. Therefore, any rational juror would have to find that the Defendant helped to create the name, logo, and materials as an employee of Zan's.

Therefore, reviewing that portion of the R&R *de novo*, the Court adopts the R&R's finding that the Defendant was an employee of Zan's during the relevant period.

Neither side objected to any of the other findings or conclusions of the R&R. As such, pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the rest of the R&R for clear error, and finding none, now concurs in both its reasoning and its result. *See Coburn v. P.N. Fin.*, No. 13-CV-1006 (ADS) (SIL), 2015 WL 520346, at *1 (E.D.N.Y. Feb. 9, 2015) (reviewing Report and Recommendation without objections for clear error).

Accordingly, the R&R is adopted in its entirety. The Plaintiffs' motion for summary judgment is granted as to their claims for false copyright filing and declaratory judgment; the Defendant's motion for summary judgment is denied, and her counterclaims are dismissed.

Pursuant to the R&R, within fourteen days of entry of this order, the Plaintiffs shall file a stipulation of discontinuance, or, in the alternative, a letter regarding the status of the matter.

**SO ORDERED.**

Dated: Central Islip, New York  /s/ Arthur D. Spatt

February 28, 2018  ARTHUR D. SPATT

United States District Judge